## Lucius Allen *vs.* Benjamin Kimball.

If one receive a fraudulent bill of sale of personal property from an intestate in his lifetime, and take and sell it after his decease, such fraudulent purchaser is chargeable to a prior creditor, as *executor de son tort.*

Exceptions from the Court of Common Pleas, Perham J. presiding.

The action was on a note of hand, dated *August* 7, 1833, given by *Joseph Kimball* to the plaintiff, against the defendant, as the executor of *Joseph.* The defendant in his pleading denied that he was executor. *Joseph Kimball* died in *November*, 1834. The plaintiff did not attempt to show, that the defendant was appointed executor, but relied on evidence tending to show, that the defendant after the death of *Joseph,* took and sold some horses belonging to him at the time of his decease, and which had been sent to pasture by *Joseph,* where they remained until after his death. The defendant then produced a bill of sale of the property, dated *May* 5, 1834, and the plaintiff introduced evidence to prove that it was fraudulent and void, as to creditors. The counsel for the defendant requested the Judge to instruct the jury, that in this action there must be an illegal and wrongful taking and conversion of the property after the decease of *Joseph,* and in his possession ; or of property which he or his legal representatives had the right to possess; that the conversion of the property specified in the bill of sale was not wrongful ; and that the defendant was not liable in this action for any property taken under the bill of sale, whether the sale was *bona fide,* or but a pretended one. The Judge instructed the jury, that to maintain the action, the plaintiff must prove a wrongful intermeddling with the property of the deceased after his death ; that if they found by the evidence, that the sale of the articles was *bona fide,* and the property in them to have passed to the defendant in the lifetime of *Joseph,* the action could not be maintained ; that if

Allen *v.* Kimball.

they found the sale not to have been *bona fide,* and the bill of sale fraudulently given to conceal the property from the creditors of *Joseph,* any possession or use of the property under the cover, during his life, would not constitute the defendant an executor in his own wrong; but that if after the decease of *Joseph,* the defendant had intermeddled with the property, and converted it to his own use, notwithstanding such fraudulent bill of sale, he would be liable in this action. The verdict was for the plaintiff and the defendant filed exceptions.

*Rogers* and *Ingersoll,* for the defendant, argued, that the property could not be approached in this way, which takes the whole to pay one creditor. The administrator may recover it, and distribute it according to law among all the creditors.

*J. Appleton,* for the plaintiff, cited 2 *T. R.* 587; 1 *Shep. Touch.* 487; *Toller on Exors.* 38.

The opinion of the Court was delivered by

WESTON C. J. — The plaintiff, a creditor, had a right to controvert the title set up by the defendant, on the ground of fraud. This he did successfully; and thus defeated the claim of property in himself, interposed by the defendant. The force of the proof then remained unimpaired, that he had taken and appropriated to his own use, without legal justification, the personal property of the deceased. This made him *executor de son tort.* It was such an intermeddling with the personal chattels, as very clearly rendered him liable as such. *Padget & al.* v. *Priest & al.* 2 *T. R.* 97; *Edwards* v. *Harbin,* 2 *T. R.* 587. The last case cannot be distinguished from the case before the Court.

*Exceptions overruled.*